UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BROWN,

      Petitioner,

                            Honorable Linda V. Parker

v.                              Case No. 21-cv-11371
CONNIE HORTON,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, A CERTIFICATE OF APPEALABILITY, AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas action filed under 28 U.S.C. § 2254. Michigan prisoner Ryan Brown challenges his 2016 plea-based convictions for possession with intent to deliver less than 50 grams of cocaine in violation of Mich. Comp. Laws § 333.7401(2)(A)(iv), and second or subsequent offense under Mich. Comp. Laws § 333.7413, in the Circuit Court for Oakland County, Michigan. In his application for habeas relief, Brown raises two claims of error concerning: (1) the time credit given at the probation revocation sentencing and (2) the failure to execute the probation warrant with due diligence. Respondent answered the petition, contending that Brown's claims are procedurally defaulted and lack merit.

For the reasons below, the Court denies the petition because each claim is without merit and barred by Brown's procedural defaults. The Court also denies a

certificate of appealability and leave to appeal in forma pauperis should Brown

choose to appeal this decision.

## I.     Background

In 2016, Brown pleaded guilty to possession with intent to deliver less than

50 grams of cocaine as a fourth habitual offender, and as his second or subsequent

offense.  Predicated upon an aiding and abetting theory, Brown admitted that he

drove an individual to Pontiac for the purpose of purchasing 23 grams of cocaine

that would later be sold to others.  (ECF No. 9-15 at PageID. 266.)  On May 17,

2016, the state trial court sentenced Brown to two years' probation and to serve

365 days in jail with credit for 672 days.  (ECF No. 9-16 at PageID. 280.)  On

October 3, 2017, the trial court found that Brown violated the terms of his

probation.  (ECF No. 9-18 at PageID. 316.)  On October 10, 2017, the trial court

sentenced Brown to 5 to 20 years' imprisonment with credit for 707 days served.

(ECF No. 9-19 at PageID. 333.)

Brown filed a delayed application for leave to appeal in the Michigan Court

of Appeals raising a single claim challenging the reasonableness of his sentence.

On January 17, 2019, the Michigan Court of Appeals denied the application for

"lack of merit in the grounds presented."  (ECF No. 9-27 at PageID. 453.)  Brown

then filed an application for leave to appeal in the Michigan Supreme Court, which

was denied on July 2, 2019, because the court was "not persuaded that the

questions presented should be reviewed[.]"  *People v. Brown*, 929 N.W.2d 374 (Mich. 2019).

On January 2, 2020, Brown filed a motion for relief from judgment in the trial court arguing that his probation violation should have been dismissed due to the probation department's lack of due diligence in initiating the warrant or, in the alternative, that he is entitled to jail credit for time served while awaiting his pending criminal trial in the Ottawa County Circuit Court.  (ECF No. 9-22 at PageID. 386-394.)  On June 17, 2020, the trial court denied the motion under Michigan Court Rule 6.508(D)(3).  (ECF No. 9-24 at PageID. 448-450.)

Brown then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied the application on January 26, 2021, because Brown "failed to establish that the trial court erred in denying the motion for relief from judgment."  (ECF No. 9-29 at PageID. 691.)  Brown did not file an application for leave to appeal in the Michigan Supreme Court.

Brown then filed the current habeas petition in this Court, which he signed and dated on May 31, 2021.  The petition raises the same claims asserted in his state-court post-conviction motion.  (ECF No. 1 at PageID. 5-7.)  Respondent maintains that these claims are barred by procedural default, lack merit, and do not warrant habeas relief.  (ECF No. 8.)

3

## II.    Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).  A

4

"state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  This presumption is rebutted only with clear and convincing evidence.  *Id.*  Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Discussion

Respondent argues that Brown is not entitled to habeas relief because his claims are unexhausted in the state courts and, therefore, procedurally defaulted. The Court agrees.  A prisoner filing a habeas petition under § 2254 must first exhaust state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the claims must be "fairly presented" to the state courts,

5

meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts also as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

For Michigan prisoners, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

Here, Brown fails to show that he properly exhausted his habeas claims in the state courts and provides no excuse for his procedural default. While he seems to have raised his habeas claims in his motion for relief from judgment before the trial court and then filed a delayed application for leave to appeal with the Michigan Court of Appeals, he did not seek leave to appeal with the Michigan Supreme Court. His claims, therefore, are unexhausted.

Moreover, Brown no longer has an available means by which to exhaust his claims as he already filed a motion for relief from judgment with the state trial

6

court.  Any attempt to file a second motion for relief from judgment would be futile.  Under Michigan Court Rule 6.502(G), a defendant cannot file a second or subsequent motion for relief from judgment in the state trial court unless the defendant can show a retroactive change in the law or new evidence that was not discovered before the first motion.  *See* Mich. Ct. R. 6.502(G)(2).  Brown's unexhausted claims do not fall within the exceptions for filing a second motion.

Because Brown did not fully exhaust his claims in the state courts and no longer has an available remedy to do so, the claims are now defaulted.

When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, the petitioner has procedurally defaulted the claim for purposes of federal habeas review.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).  Federal habeas relief generally is precluded on claims that have not been presented to the state courts in accordance with the state's procedural rules.  *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation or a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th

7

Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Brown neither alleges nor establishes cause to excuse his procedural default. And because Brown fails to show cause for his procedural default, the Court need not reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). But even if the Court considered the prejudice component, prejudice cannot result when neither of the claims are cognizable on habeas review. For instance, Brown's claims regarding the applicable time credit at sentencing and execution of the probation warrant both concern violations of state law. It is well-settled that habeas relief may not be based upon a perceived violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 72 (1991).

Brown also fails to show that failure to consider the claims would result in a fundamental miscarriage of justice. In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Smith*, 477 U.S. at 537-38. Such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). But Brown has not presented any new, reliable evidence to support an assertion of innocence. (*See* ECF 1.) The Court thus may not consider his defaulted claims as a ground for a writ of habeas corpus.

For these reasons, Brown is not entitled to habeas relief and the Court denies the petition.

## IV.   Certificate of Appealability

The Court also denies Brown a certificate of appealability.  To obtain a certificate of appealability, an inmate must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make this showing, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  S*lack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*. at 484.

For the reasons stated in this opinion, reasonable jurists would not find this Court's assessment of Brown's claims to be debatable or wrong or that its procedural ruling was incorrect.  Brown is not entitled to leave to appeal in forma pauperis because such an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 9, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 9, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager